HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

ERIC V. NEFF
Acting Chief, Voting Section
Civil Rights Division

BRITTANY E. BENNETT
CHRISTPOHER J. GARDNER
Trial Attorneys, Voting Section
Civil Rights Division

U.S. Department of Justice
4CON – Room 8.141
150 M Street NE
Washington, D.C. 20002
Telephone: (202) 704-5430
Email: Brittany.Bennett@usdoj.gov
Email: Christopher.gardner@usdoj.gov

Attorneys for Plaintiff, UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRAD RAFFENSPERGER, in his Official Capacity as Secretary of State for the State of Georgia,<br><br>Defendant. | **COMPLAINT**<br><br>Case No. 5:25-cv-548 |

**COMPLAINT**

1

## INTRODUCTION

1. Title III of the Civil Rights Act of 1960 ("CRA") imposes a "sweeping" obligation on election officials, *Kennedy v. Lynd*, 306 F.2d 222, 226 (5th Cir. 1962), to "retain and preserve … *all* records and papers which come into [their] possession relating to any application, registration, payment of poll tax, or other act requisite to voting in such election," 52 U.S.C. § 20701 (emphasis added).

2. Title III likewise grants the Attorney General the sweeping power to obtain these records: "Any record or paper required by [section 301] to be retained and preserved shall, upon demand in writing by the Attorney General or [her] representative directed to the person having custody, possession, or control of such record or paper, be made available for inspection, reproduction, and copying at the principal office of such custodian by the Attorney General or [her] representative…." 52 U.S.C. § 20703. The written demand "shall contain a statement of the basis and the purpose therefor." *Id.*

3. If the custodian to whom the written demand is made refuses to comply, the CRA requires "a special statutory proceeding in which the courts play a limited, albeit vital, role" in assisting the Attorney General's investigative powers. *Lynd*, 306 F.2d at 225. The Attorney General or her representative may request a Federal court to issue an order directing the officer of election to produce the

demanded records, akin to "a traditional order to show cause, or to produce in aid of an order of an administrative agency." *Id.*

4. In this "summary" proceeding, *In re Gordon*, 218 F. Supp. 826, 826-27 (S.D. Miss. 1963), the Attorney General need only show that she made a "written demand" for records covered by Section 301 of the CRA and that "the person against whom an order for production is sought … has failed or refused to make such papers 'available for inspection, reproduction, and copying,'" *Lynd*, 306 F.2d at 226 (quoting 52 U.S.C. § 20703). The court does not adjudicate "the factual foundation for, or the sufficiency of, the Attorney General's 'statement of the basis and the purpose' contained in the written demand" or "the scope of the order to produce." *Id.*

## I.     JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345, and 2201(a); and 52 U.S.C. § 20705.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the United States' claims occurred in this District, and the Defendant is located in and conducts election administration activities in this District.

## II.    PARTIES

7. Plaintiff is the Attorney General of the United States. The Attorney General has authority to enforce various federal election statutes, including the CRA, *see* 52 U.S.C. § 20703; the National Voter Registration Act ("NVRA"), 52 U.S.C. § 20510(a); and Title III of the Help America Vote Act ("HAVA"), 52 U.S.C. § 21111.

8. Defendant Secretary of State of Georgia, Brad Raffensperger, is sued in his official capacity as chief state election official responsible for coordinating Georgia's responsibilities under the NVRA. *See* 52 U.S.C. § 20509; O.C.G.A. § 21-2-210.  Raffensperger is sued in his official capacity only.

## BACKGROUND

9. This proceeding arises from the Attorney General's investigation into Georgia's compliance with federal election law, particularly the NVRA and HAVA.

10. Both the NVRA and HAVA require States to maintain and preserve certain records and papers that fall within the scope of Section 301 of Title III of the CRA.

### The National Voter Registration Act

11. The NVRA requires each state to "designate a State officer or employee as the chief State election official to be responsible for coordination of State responsibilities" under the NVRA. 52 U.S.C. § 20509. Defendant Raffensperger is the chief election official of the State of Georgia.

4

12. The NVRA requires States to "conduct a general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of eligible voters by reason of" the death of the registrant, or "a change in the residence of the registrant, in accordance with subsections (b), (c), and (d)[.]" 52 U.S.C. § 20507(a)(4).

13. The NVRA also requires States to maintain, with exceptions not relevant here, "all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters…." 52 U.S.C. § 20507(i)(1).

### The Help America Vote Act

14. HAVA requires all States to maintain and administer "a single, uniform, official, centralized, interactive computerized statewide voter registration list" that contains "the name and registration information of every legally registered voter in the State and assigns a unique identifier to each legally registered voter in the State." 52 U.S.C. § 21083(a)(1)(A).

15. HAVA further establishes "[m]inimum standard[s] for accuracy of State voter registration records," 52 U.S.C. § 21083(a)(4), and prohibits States from processing voter-registration applications without obtaining and verifying certain identifying information from the applicants, namely, a Driver's License number for those who possess a valid one, the last four digits of a social security number for

those who do not possess a valid Drivers' license, and for those who have neither a unique identifier. 52 U.S.C. § 21083(a)(5)(A).

## The Civil Rights Act

16. Congress empowered the Attorney General to request records pursuant to Title III of the CRA, codified at 52 U.S.C. § 20701, *et seq.*

17. Section 301 of the CRA requires state and local officials to retain and preserve records related to voter registration and other acts requisite to voting for any federal office for a period of twenty-two months after any federal general, special or primary election. *See* 52 U.S.C. § 20701, *et seq.*

18. Section 303 of the CRA provides, in pertinent part, "[a]ny record or paper required by Section 20701 of this title to be retained and preserved shall, upon demand in writing by the Attorney General or [her] representative directed to the person having custody, possession, or control of such record or paper, be made available for inspection, reproduction, and copying at the principal office of such custodian by the Attorney General or [her] representative…." 52 U.S.C. § 20703.

## FACTUAL ALLEGATIONS

19. On July 9, 2025, the Attorney General contacted Secretary Raffensperger seeking information regarding Georgia's compliance with federal election law. *See* Letter from Attorney General to Secretary Raffensperger ("July 9 Contact").

20. On August 7, 2025, the Attorney General sent a letter renewing the July 9 request and requested a copy of Georgia's statewide voter registration list ("VRL") within fourteen days of the date of the letter (the "August 7 Letter"). The August 7 Letter also requested that Georgia provide a current electronic copy of its computerized statewide voter registration list, containing "all fields" ("SVRL"), required under Section 303 of HAVA.

21. The Attorney General's August 7 Letter asked Secretary Raffensperger to produce the requested information and records by encrypted email or via the Department's secure file-sharing system, Justice Enterprise File Sharing (JEFS).

22. On August 14, 2025, the Attorney General sent another letter clarifying the request in the August 7 Letter. The August 14 Letter specified that:

> "Given responses from other states thus far, we want to clarify that the Justice Department's request to provide an electronic copy of the statewide VRL should contain all fields, which means, your state's VRL must include the registrant's full name, date of birth, residential address, his or her state driver's license number or the last four digits of the registrant's social security number as required under the Help America Vote Act ("HAVA") to register individuals for federal elections. See 52 U.S.C. § 21083(a)(5)(A)(i)."

See August 14 Letter.

23. The August 14 Letter explained to Secretary Raffensperger that "HAVA specifies that the 'last 4 digits of a social security number . . . shall not be considered to be a social security number for purposes of section 7 of the Privacy Act of 1974.'" 5 U.S.C. § 552a note; 52 U.S.C. § 21083(c). In addition, any prohibition of

disclosure of a motor vehicle record contained in the Driver's License Protection Act, codified at 18 U.S.C. § 2721(b)(1), is exempted when the disclosure is for use by a government agency in carrying out the government agency's function to accomplish its enforcement authority as the Department is now doing.

24. Finally, after numerous attempts to contact Secretary Raffensperger, in response, on December 8, 2025, Secretary Raffensperger sent a letter refusing to provide Georgia's SVRL stating:

> "Georgia law prohibits the disclosure of voters' full date of birth, social security number, and driver's license number. O.C.G.A. § 21-2-225(b). Accordingly, in compliance with state law, and in consultation with the Georgia Attorney General's office, the voter list provided excludes 'sensitive information that implicates special privacy concerns.' *Project Vote, Inc. v. Kemp*, 208 F. Supp. 3d 1320, 1344 (N.D. Ga. 2016)."

December 8 Letter.

25. The December 8 Letter provided some responses but only redacted voter registration information in violation of federal law.

## COUNT ONE
## VIOLATION OF THE CIVIL RIGHTS ACT OF 1960, 52 U.S.C. § 20703

26. On August 14, 2025, the Attorney General sent a written demand to Secretary Raffensperger for the production of specific election records pursuant to 52 U.S.C. § 20703.

27. The written demand "contain[ed] a statement of the basis and the purpose therefor." 52 U.S.C. § 20703.

28. On December 8, 2025, Secretary Raffensperger refused to provide the records requested.

Wherefore, the United States respectfully requests this Court:

A. Declare that Defendant's refusal to provide the election records upon a demand by the Attorney General violates Title III of the Civil Rights Act as required by 52 U.S.C. § 20703;

B. Order Secretary Raffensperger to provide to the Attorney General the current electronic copy of Georgia's computerized statewide voter registration list, with all fields, including each registrant's full name, date of birth, residential address, and either their state driver's license number, the last four digits of their Social Security number, or HAVA unique identifier as required by 52 U.S.C. § 21083 within 5 days of a Court order.

DATED: December 18, 2025            Respectfully submitted,

                                    HARMEET K. DHILLON
                                    Assistant Attorney General
                                    Civil Rights Division


                                    */s/ Brittany E. Bennett*
                                    BRITTANY E. BENNETT
                                    Ga. Bar No. 717377
                                    CHRISTOPHER J. GARNDER
                                    Ga. Bar No. 163932
                                    Trial Attorneys, Voting Section

        Civil Rights Division
        U.S. Department of Justice
        4 Constitution Square
        150 M Street NE, Room 8.141
        Washington, D.C. 20002
        Telephone: (202) 704-5430
        Email: brittany.bennett@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on December 18, 2025, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

/s/ *Brittany E. Bennett*
Brittany E. Bennett
Trial Attorney, Voting Section
Civil Rights Division
U.S. Department of Justice
4 Constitution Square
150 M Street NE, Room 8.141
Washington, D.C. 20002
Telephone: (202) 704-5430
Email: brittany.bennett@usdoj.gov