# Exhibit 1

 



**U.S. Department of Justice**

Civil Rights Division

---

*Voting Section*
*950 Pennsylvania Ave, NW – 4CON*
*Washington, DC  20530*

August 7, 2025

<u>Via Mail and Email</u>

The Honorable Brad Raffensperger
Secretary of State
214 State Capitol
Atlanta, GA 30334
soscontact@sos.ga.gov

Dear Secretary Raffensperger:

    We write to you as the chief election official for the State of Georgia to request Georgia's statewide voter registration list and information regarding Georgia's procedures for complying with the statewide voter registration list maintenance provisions of the National Voter Registration Act ("NVRA"), 52 U.S.C. § 20501 *et seq*.  On July 9, we contacted your office about obtaining an electronic copy of the statewide voter registration list for purposes of enforcing the NVRA and the Help America Vote Act, 52 U.S.C. § 20901 *et seq,* and we are renewing our request for that information today.

    The NVRA requires each state and the District of Columbia to make available for inspection "all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters." 52 U.S.C. § 20507(i)(1). Section 11 of the NVRA authorizes the Attorney General to bring NVRA enforcement actions. *See* 52 U.S.C. § 20510.

    The plain text of § 20507(i) requires disclosure. The phrase "all records" envisions an expansive application and includes the registration information of cancelled records and accompanying voter history. *Project Vote/Voting for Am, Inc. v. Long*, 682 F.3d 331, 336 (4th Cir. 2012); *see also Voter Reference Foundation, LLC v. Torrez*, 727 F.Supp.3d 1014, 1212 (D. N.M. 2024) (finding "all records" includes voter list). Similarly, "programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters" encompasses a broad range of state programs, including the removal of non-citizens from voter rolls. *Id*. The capacious language of the Public Disclosure Provision has been found to "set[] a floor, not a ceiling" to the types of records that must be disclosed. *Public Interest Legal Foundation, Inc. v. Matthews*, 589 F.Supp.3d 932, 941 (C.D. Ill. 2022) (citing *Project Vote/Voting for Am., Inc.*, 682 F.3d at 337). The request for the statewide voter registration list sits firmly above that floor.  Courts have continuously found that Section 8(i) requires the disclosure of voter registration records.  *See, e.g.*, *Public Interest Legal Foundation v. Boockvar*, 431 F.Supp.3d 553, 556 (M.D. Pa. 2019) (permitting disclosure of documents regarding "all registrants who were identified as potentially not satisfying the citizenship

requirement"); *Project Vote/Voting for Am, Inc*, 682 F.3d at 333 (4th Cir. 2012) (requiring disclosure of voter registration applications for "*any individual*" who timely completed an application) (emphasis added); *Project Vote, Inc. v. Kemp*, 208 F.Supp.3d 1320, 1344 (N.D. Ga. 2016) (holding that "Section 8(i) requires the disclosure of individual voter registration records").

Congress passed the NVRA in an effort to "protect the integrity of the electoral process" and "ensure that accurate and current voter registration rolls are maintained." NVRA § 20501. This intention is achieved through the public disclosure provision, which Congress created to establish external checks on potential administrative oversights or inefficiencies regarding ineligible voters appearing on voter rolls. *See Project Vote/Voting for Am, Inc.*, 682 F.3d at 334-35. State laws are not a bar to providing this information. If the NVRA, a federal act, and state law "do not operate harmoniously in a single procedural scheme for federal voter registration, then Congress has exercised its power to 'alter' the state's regulation, and that regulation is superseded." *Gonzalez v. Arizona*, 677 F.3d 383, 394 (9th Cir. 2012) (en banc), *aff'd sub nom. Arizona v. Inter Tribal Council of Arizona, Inc.* ("*ITCA*"), 570 U.S. 1 (2013).

Please also provide a list of the election officials who are responsible for implementing Georgia's general program of voter registration list maintenance from November 2022 through receipt of this letter, including those responsible officials not employed by your office (such as local election officials) who are also involved in that effort. Please also provide a description of the steps that you have taken, and when those steps were taken, to ensure that the State's list maintenance program has been properly carried out in full compliance with the NVRA.

Please provide this information within 14 days of the date of this letter. The information and materials may be sent by encrypted email to voting.section@usdoj.gov or via the Department's secure file-sharing system, Justice Enterprise File Sharing (JEFS).

Should further clarification be required, please contact Maureen Riordan at maureen.riordan2@usdoj.gov. We look forward to your assistance in advance.

Sincerely,

_____
Michael E. Gates
Deputy Assistant Attorney General
Civil Rights Division


Maureen Riordan
Acting Chief, Voting Section
Civil Rights Division

2

cc: Blake Evans
Director, Elections Division
Floyd West Tower
2 MLK Jr. Dr. S.E., Suite 802
Atlanta, GA 30334
bevans@sos.ga.gov

# Exhibit 2



**U.S. Department of Justice**

Civil Rights Division

---

*Office of the Assistant Attorney General*          *Washington, D.C. 20530*

August 14, 2025

<u>Via Mail and Email</u>

The Honorable Brad Raffensperger
Secretary of State
214 State Capitol
Atlanta, GA 30334
soscontact@sos.ga.gov

Re:     **Complete Georgia's Voter Registration List with All Fields**

Secretary Raffensperger:

  We understand that the time the Justice Department has provided your state to respond to the request for a statewide voter registration list ("VRL") and other information has not reached its deadline.

  Given responses from other states thus far, we want to clarify that the Justice Department's request to provide an electronic copy of the statewide VRL should contain *all fields*, which means, your state's VRL must include the registrant's full name, date of birth, residential address, his or her state driver's license number or the last four digits of the registrant's social security number as required under the Help America Vote Act ("HAVA")[1] to register individuals for federal elections. *See* 52 U.S.C. § 21083(a)(5)(A)(i).

  We have requested Georgia's VRL to assess your state's compliance with the statewide VRL maintenance provisions of the National Voter Registration Act ("NVRA"), 52 U.S.C. § 20501, *et seq*. Our request is pursuant to the Attorney General's authority under Section 11 of the NVRA to bring enforcement actions. *See* 52 U.S.C. § 20501(a).

  The Help America Vote Act ("HAVA"), 52 U.S.C. § 20501, *et seq*., also provides authority for the Justice Department to seek the State's VRL via Section 401, which makes the Attorney

---

[1] In charging the Attorney General with enforcement of the voter registration list requirements in the HAVA and in the NVRA, Congress plainly intended that DOJ be able to conduct an independent review of each state's list. Any statewide prohibitions are clearly preempted by federal law.

General solely responsible for actions to enforce HAVA's computerized statewide voter registration list requirements. *See* 52 U.S.C. § 21111; *see also Brunner v. Ohio Republican Party*, 555 U.S. 5, 6 (2008) (*per curiam*) (finding there is no private right of action to enforce those requirements in HAVA).

In addition to those authorities, the Attorney General is also empowered by Congress to request records pursuant to Title III of the Civil Rights Act of 1960 ("CRA"), codified at 52 U.S.C. § 20701, *et seq*. Section 301 of the CRA requires state and local officials to retain and preserve records related to voter registration and other acts requisite to voting for any federal office for a period of 22 months after any federal general, special or primary election. *See* 52 U.S.C. § 20701.

Section 303 of the CRA provides, in pertinent part, "Any record or paper required by section 20701 of this title to be retained and preserved shall, upon demand in writing by the Attorney General or his representative directed to the person having custody, possession, or control of such record or paper, be made available for inspection, reproduction, and copying at the principal office of such custodian by the Attorney General or his representative…" 52 U.S.C. § 20703.

Pursuant to the foregoing authorities, including the CRA, the Attorney General is demanding an electronic copy of Georgia's complete and current VRL. The purpose of the request is to ascertain Georgia's compliance with the list maintenance requirements of the NVRA and HAVA.

When providing the electronic copy of the statewide VRL, Georgia must ensure that it contains *all fields*, which includes either the registrant's full name, date of birth, residential address, his or her state driver's license number, or the last four digits of the registrant's social security number as required under the Help America Vote Act ("HAVA")[2] to register individuals for federal elections. *See* 52 U.S.C. § 21083(a)(5)(A)(i).

To the extent there are privacy concerns, the voter registration list is subject to federal privacy protections. Section 304 of the CRA provides the answer:

> Unless otherwise ordered by a court of the United States, neither the Attorney General nor any employee of the Department of Justice, nor any other representative of the Attorney General, shall disclose any record or paper produced pursuant to this chapter, or any reproduction or copy, except to Congress and any committee thereof, governmental agencies, and in the presentation of any case or proceeding before any court or grand jury.

HAVA specifies that the "last 4 digits of a social security number . . . shall not be considered a social security number for purposes of section 7 of the Privacy Act of 1974" (5 U.S.C. § 552a note); 52 U.S.C. § 21083(c). In addition, any prohibition of disclosure of a motor vehicle record contained in the Driver's License Protection Act, codified at 18 U.S.C. § 2721(b)(1), is exempted when the disclosure is for use by a government agency in carrying out the government agency's function to

---

[2] In charging the Attorney General with enforcement of the voter registration list requirements in HAVA and in the NVRA, Congress plainly intended that DOJ be able to conduct an independent review of each state's list. Any statewide prohibitions are clearly preempted by federal law.

accomplish its enforcement authority as the Justice Department is now doing. That said, all data received from you will be kept securely and treated consistently with the Privacy Act.

To that end, please provide the requested electronic Voter Registration List[3] to the Justice Department by the date set for your delivery by our original letter, or by August 21, 2025, whichever is later.

The information and materials may be sent by encrypted email to voting.section@usdoj.gov or via the Department's secure file-sharing system, Justice Enterprise File Sharing ("JEFS"). Should further clarification be required, please contact Maureen Riordan at maureen.riordan2@usdoj.gov.

Regards,

Harmeet K. Dhillon
Assistant Attorney General
Civil Rights Division

cc: Blake Evans
Director, Elections Division
Floyd West Tower
2 MLK Jr. Dr. S.E., Suite 802
Atlanta, GA 30334
bevans@sos.ga.gov

---

[3] Containing *all fields*, which includes either the registrant's full name, date of birth, residential address, his or her state driver's license number or the last four digits of the registrant's social security number as required by HAVA.

# Exhibit 3



# Office of the Secretary of State

*Brad Raffensperger*
SECRETARY OF STATE

*Charlene McGowan*
GENERAL COUNSEL

December 8, 2025

Harmeet K. Dhillon
Assistant Attorney General, Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, D.C. 20530

Re:     Request for Information under the National Voter Registration Act

Ms. Dhillon,

This is in response to the letters of August 7, 2025, and August 14, 2025, from the Department of Justice ("DOJ") requesting information regarding Georgia's compliance with the statewide voter registration list maintenance provisions of the National Voter Registration Act ("NVRA"), 52 U.S.C. § 20501, *et seq*.

Secretary Raffensperger believes that clean voter lists are an essential component of trustworthy elections and takes every measure to ensure that only U.S. citizens and eligible residents can vote in Georgia's elections. We commend President Trump's commitment to citizenship verification and applaud this administration's efforts to provide states the necessary tools at the federal level to verify that only U.S. citizens are registered to vote.

Georgia is a recognized leader in citizenship verification that ensures only U.S. citizens vote in our elections. Because Georgia is 100% REAL ID compliant, everyone who has a driver's license or state identification card has proven their citizenship or legal immigration status to the Department of Driver Services. As an additional safeguard, Secretary Raffensperger was the first Secretary of State in the nation to conduct a full citizenship audit of the state's voter list, which was most recently completed prior to the 2024 presidential election.

Ms. Harmeet K. Dhillon
December 8, 2025
Page 2

As a regular part of the voter verification process, Georgia utilizes the Department of Homeland Security's SAVE database to verify the citizenship status of people who have been identified as potential non-citizens. Secretary Raffensperger is grateful for the swift action taken by DHS in response to his letter to Secretary Noem requesting certain improvements to the SAVE program to enhance its effectiveness as a voter verification tool. These requested improvements include the elimination of search fees for states, the addition of bulk upload capability, and integration of Social Security Administration data. Georgia was proud to be one of the first states to test these new SAVE enhancements.

In addition to citizenship verification, Georgia conducts rigorous voter list maintenance to the fullest extent permissible under state and federal law. Our elections division and county registrars are continuously updating Georgia's newly modernized and secure voter registration database using a wide variety of reliable data sources that detect when voters move to a new county, move out of state, receive felony sentences, or are deceased. Georgia's proactive, data-driven approach serves as a national model for effective list maintenance at the state level.

Georgia's success in maintaining a clean voter list stems from our use of every available list maintenance tool. The Secretary's office spearheads partnerships with a wide range of state and federal agencies, including the U.S. Postal Service, the Department of Homeland Security, and the Georgia Department of Driver Services to ensure that only eligible Georgians are registered and that the voter list is current and accurate. We also collaborate with over 26 states to share cross-state data and match records with the Social Security Death Master File and the USPS National Change of Address list and to identify potential double voters. Election officials receive information from state health agencies and the Social Security Death Master File, as well as other sources, to identify deceased registrants and remove them from the voter list. Additionally, we receive felony conviction notices from state law enforcement agencies and the Department of Justice, and non-citizen jury affidavits from our state courts. Recently, our office conducted an audit of registrants' residential addresses using DHS's Geospatial Management Office to confirm their accuracy.

In addition to this ongoing regular list maintenance, the Secretary's office conducts comprehensive statewide voter list maintenance every year as required by state and federal law. As part of 2025's statewide list maintenance, the elections division sent out a total of **1,006,474 list maintenance notices, and that number will increase before the end of the year**.

Ms. Harmeet K. Dhillon
December 8, 2025
Page 3

These list maintenance notices included:

- cancellation notices to 477,883 registrants who had been in "Inactive" status for the past two general elections;
- cancellation notices to 18,563 registrants identified as having cancelled their Georgia driver's license due to a move out of state;
- 218,951 notices to registrants currently listed as having "Active" status but who have not had any voter or registration activity in five calendar years;
- 65,271 notices to registrants identified in National Change of Address (NCOA) registry data as having moved out of state;
- 80,754 notices to registrants identified in National Change of Address (NCOA) registry data as having moved out of county;
- 117,602 notices to registrants identified in National Change of Address (NCOA) registry data as having moved within county; and
- 27,450 notices to registrants identified through secure cross-state data sharing agreements as having moved out of state.

To date in 2025, **580,358 registrations have been canceled** and **298,421 registrations have been moved to "Inactive" status**.

This year's activity is a continuation of the rigorous list maintenance Secretary Raffensperger has completed since he took office. Since 2019, the elections division has issued over **4.4 million list maintenance notices**, including the following activity over the past 5 years:

| Type | 2021 | 2022 | 2023 | 2024 | 2025 |
|---|---|---|---|---|---|
| **NCOA Out of County** | 104,270 | 45,686 | 84,523 | 51,606 | 80,754 |
| **NCOA Within County** | 129,448 | 76,082 | 127,904 | 105,749 | 117,602 |
| **NCOA Out of State** | 168,178 | 32,820 | 100,685 | 38,866 | 65,271 |
| **Cross-State Data** | 417,957 | 272,728 | 119,362 | 62,114 | 27,450 |
| **No Contact** | 185,666 | 0 | 183,584 | 0 | 218,951 |
| **No General Election** | 101,789 | 16,127 | 191,473 | 0 | 477,883 |
| **DL Cancellations** | 0 | 0 | 66,711 | 0 | 18,563 |
| **Totals** | 1,107,308 | 443,443 | 874,242 | 258,335 | 1,006,474 |

Ms. Harmeet K. Dhillon
December 8, 2025
Page 4

We have also made it easier for voters to cancel their Georgia voter registration through the Secretary's online cancellation portal. Voters who move out of state or family members of deceased voters may cancel their registrations online via our website.

Supporting records showing Georgia's nation-leading list maintenance activities are being transmitted to you via secure transfer contemporaneously with this letter, along with Georgia's complete list of registered voters. The voter file includes the last date voted for each registrant, and additional voter history files are available on the Secretary's website.[1] We encourage you to review the wealth of data available at our Election Data Hub.[2]

Along with his commitment to maintaining clean voter rolls, the Secretary is committed to following the laws that protect the confidentiality of Georgia voters' personal information. Georgia law prohibits the disclosure of voters' full date of birth, social security number, and driver's license number. O.C.G.A. § 21-2-225(b).[3] Accordingly, in compliance with state law, and in consultation with the Georgia Attorney General's office, the voter list provided excludes "sensitive information that implicates special privacy concerns." *Project Vote, Inc. v. Kemp*, 208 F. Supp. 3d 1320, 1344 (N.D. Ga. 2016). Nevertheless, the records that we are submitting are more than sufficient to demonstrate Georgia's compliance with the NVRA.

Indeed, Georgia is the gold standard in voter list maintenance at the state level. But we face federal barriers to doing even more. As you know, the NVRA prohibits systematic list maintenance within 90 days of a federal election. This 90-day blackout period restricts us from conducting list maintenance in federal election years precisely when clean rolls are most important. Congress must modernize this outdated law, which was written before the mobility and digital capabilities of the modern era. Secretary Raffensperger has repeatedly called on Congress to reform the NVRA to allow for new technologies to be used to keep voter rolls as up to date as possible.

Secretary Raffensperger appreciates the support of the Trump administration in urging Congress to adopt common-sense reform. We welcome the opportunity to partner with this administration to advance our shared mission of ensuring that states maintain clean voters roles and only eligible U.S. citizens vote in our elections.

---

[1] Voter History Files
[2] Election Data Hub | Georgia Secretary of State
[3] While a limited exception allows for disclosure to government agencies, that only applies where "the agency is authorized to maintain such information and the information is used only to identify the elector on the receiving agency's data base," which is not the stated basis for the DOJ's request here.

Ms. Harmeet K. Dhillon
December 8, 2025
Page 5

Recommended opportunities for collaboration include:

- Continued collaboration between Georgia and USCIS to enhance use of SAVE;
- Continued joint law enforcement action between SOS and federal investigators to investigate and prosecute suspected cases of non-citizens attempting to vote or registering to vote;
- Streamlining the process by which the Department of Justice reports felony convictions to state election officials, which currently is sporadic and disjointed; and
- Jointly calling on Congress to reform and modernize the NVRA to permit states to conduct even more robust list maintenance.

Please feel free to reach out to our office if you would like to discuss further opportunities for collaboration.

Kind regards,

*Charlene S. McGowan*

General Counsel