UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>BRAD RAFFENSPERGER, in his Official Capacity as Secretary of State for the State of Georgia,<br><br>Defendant. | CASE NO: 5:25-cv-548<br><br>DECLARATION OF ERIC NEFF IN SUPPORT OF THE DEMAND TO COMPEL PRODUCTION OF RECORDS PURSUANT TO 52 U.S.C. § 20701, *et seq*. |

# **DECLARATION**

I, Eric Neff, declare, pursuant to 28 U.S.C. § 1746, that:

1. I am currently Acting Chief of the Voting Section within the Civil Rights Division of the United States Department of Justice. I am fully and personally familiar with the facts stated herein. I make this declaration in support of the United States's motion to compel production of election records pursuant to the Civil Rights Act codified at 52 U.S.C. § 20701, *et seq*.

2. The National Voter Registration Act, ("NVRA") 52 U.S.C. § 20501, *et seq.*, and the Help America Vote Act ("HAVA"), 52 U.S.C. § 20901, *et seq.*, require

1

each state to perform voter-list maintenance to ensure that only eligible voters remain on the statewide voter registration list. Under Section 11 of the NVRA and Section 401 of HAVA, the Attorney General is charged with the responsibility for enforcement of the list maintenance requirements of both statutes. *See* 52 U.S.C. § 20510(a) and 52 U.S.C. § 21111. This enforcement responsibility has been delegated to the Civil Rights Division by Congress.

3. One of the Justice Department's responsibilities is monitoring states' compliance with the requirements of the NVRA and HAVA, including the filing of enforcement actions for noncompliance.

4. On August 7, 2025, the Attorney General sent a letter renewing the July 9 request and requested a copy of Georgia's statewide voter registration list ("VRL") within fourteen days of the date of the letter (the "August 7 Letter"). The August 7 Letter also requested that Georgia provide a current electronic copy of its computerized statewide voter registration list, containing "all fields" ("SVRL"), required under Section 303 of HAVA.

5. On August 14, 2025, the Civil Rights Division sent a letter clarifying the August 7 request pursuant to 52 U.S.C. § 20507 to Secretary of State, Brad Raffensperger, requesting, *inter alia*, an electronic copy of Georgia's statewide voter registration list ("SVRL"), containing *all fields*.

6. In the August 14 letter the Attorney General made a demand pursuant to the Civil Rights Act, for the electronic copy of the SVRL specifying that it includes each registrant's Driver's License number or last four digits of the social security number as required by HAVA for federal registration.

7. The letter also informed Officer Raffensperger that the purpose of the demand for these records was to ascertain Georgia's compliance with the list maintenance requirements of federal laws, specifically the NVRA and HAVA.

8. The letter further explained that HAVA specifies that "the last four digits of a social security number…shall not be considered to be a social security number for purposes of Section 7 of the Privacy Act of 1974 (5 U.S.C. § 522a note)." 52 U.S.C. § 21083. The demand also instructed that any prohibition of disclosure of a motor vehicle record contained in the Driver's License Protection Act, codified at 18 U.S.C. §2721(b)(1), is exempted, when the disclosure is for use by a government agency in carrying out the agency's enforcement authority, which the Department of Justice is now endeavoring to do.

9. The letter also explained to Officer Raffensperger that the Attorney General would keep all data received secure and treat it consistently with the Privacy Act. The Justice Department's requests came with instructional information for the

secure transmission of the statewide VRLs to the Justice Department by way of encryption. (*See* August 14 Letter).

10. The request specified a deadline for responses of August 21, 2025.

11. On December 8, 2025, Officer Raffensperger refused to provide the Attorney General with an electronic copy of Georgia's statewide VRL.

12. True and correct copies of the Justice Department letter dated August 7, 2025 and August 14, 2025; the reply letter by Officer Raffensperger dated December 8, 2025; are attached to the Memo in support of this Motion. Exhibits 1-3.

13. A true and correct copy of the Order denying a temporary injunction in *Crook v. S.C. Election Comm'n*, No. 2025-CP-40-06539 (Richland Cty. Comm. Pleas Oct. 1, 2025) as cited in the Memorandum of Support is attached hereto as Exhibit 4.

I declare under the penalty of perjury that the above statements are true and correct. Executed on December 18, 2025.

Dated: December 18, 2025, at Washington, DC.

                                                         ___/s/_ Eric Neff_____
                                                                 Eric Neff