# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    *Plaintiff*,<br>v.<br><br>BRAD RAFFENSPERGER, in his official capacity as Secretary of State for the State of Georgia,<br><br>    *Defendant*. | Case No. 5:25-cv-548-CAR |

### BLACK VOTERS MATTER FUND, CWA LOCAL 3204, AND CWA LOCAL 3204 RETIRED MEMBERS COUNCIL'S PROPOSED ANSWER TO PLAINTIFF'S COMPLAINT

Proposed Intervenors Black Voters Matter Fund, Communication Workers of America Local 3204, and Communication Workers of America Local 3204 Retired Members Council answer Plaintiff's Complaint as follows:

### INTRODUCTION

1. Title III of the Civil Rights Act of 1960 ("CRA") imposes a "sweeping" obligation on election officials, *Kennedy v. Lynd*, 306 F.2d 222, 226 (5th Cir. 1962), to "retain and preserve … all records and papers which come into [their] possession relating to any application, registration, payment of poll tax, or other act requisite to voting in such election," 52 U.S.C. § 20701 (emphasis added).

**Answer**: Paragraph 1 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the statute and opinion cited contain the quoted language and state that the statute and opinion speak for themselves. Proposed Intervenors otherwise deny the allegations.

1

2. Title III likewise grants the Attorney General the sweeping power to obtain these records: "Any record or paper required by [section 301] to be retained and preserved shall, upon demand in writing by the Attorney General or [her] representative directed to the person having custody, possession, or control of such record or paper, be made available for inspection, reproduction, and copying at the principal office of such custodian by the Attorney General or [her] representative…." 52 U.S.C. § 20703. The written demand "shall contain a statement of the basis and the purpose therefor." *Id.*

**Answer**: Paragraph 2 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the statute contains the quoted text and state that the statute speaks for itself. Proposed Intervenors otherwise deny the allegations.

3. If the custodian to whom the written demand is made refuses to comply, the CRA requires "a special statutory proceeding in which the courts play a limited, albeit vital, role" in assisting the Attorney General's investigative powers. *Lynd*, 306 F.2d at 225. The Attorney General or her representative may request a Federal court to issue an order directing the officer of election to produce the demanded records, akin to "a traditional order to show cause, or to produce in aid of an order of an administrative agency." *Id.*

**Answer**: Paragraph 3 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the opinion cited contains the quoted text and state that the opinion speaks for itself. Proposed Intervenors otherwise deny the allegations.

4. In this "summary" proceeding, *In re Gordon*, 218 F. Supp. 826, 826-27 (S.D. Miss. 1963), the Attorney General need only show that she made a "written demand" for records covered

by Section 301 of the CRA and that "the person against whom an order for production is sought … has failed or refused to make such papers 'available for inspection, reproduction, and copying,'" *Lynd*, 306 F.2d at 226 (quoting 52 U.S.C. § 20703). The court does not adjudicate "the factual foundation for, or the sufficiency of, the Attorney General's 'statement of the basis and the purpose' contained in the written demand" or "the scope of the order to produce." *Id*

**Answer**: Paragraph 4 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the opinion cited contains the quoted text and state that the opinion speaks for itself. Proposed Intervenors otherwise deny the allegations.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345, and 2201(a); and 52 U.S.C. § 20705.

**Answer**: Paragraph 5 contains legal contentions, characterizations, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the United States' claims occurred in this District, and the Defendant is located in and conducts election administration activities in this District.

**Answer**: Paragraph 6 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

3

7. Plaintiff is the Attorney General of the United States. The Attorney General has authority to enforce various federal election statutes, including the CRA, *see* 52 U.S.C. § 20703; the National Voter Registration Act ("NVRA"), 52 U.S.C. § 20510(a); and Title III of the Help America Vote Act ("HAVA"), 52 U.S.C. § 21111.

**Answer**: Paragraph 7 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that this case is brought by the United States as a Plaintiff and that the Attorney General has certain enforcement authorities under the Civil Rights Act of 1960, the National Voter Registration Act, and the Help America Vote Act.

8. Defendant Secretary of State of Georgia, Brad Raffensperger, is sued in his official capacity as chief state election official responsible for coordinating Georgia's responsibilities under the NVRA. *See* 52 U.S.C. § 20509; O.C.G.A. § 21-2-210. Raffensperger is sued in his official capacity only.

**Answer**: Paragraph 8 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit Secretary Raffensperger is sued in his official capacity only. Proposed Intervenors otherwise deny the allegations.

## BACKGROUND

9. This proceeding arises from the Attorney General's investigation into Georgia's compliance with federal election law, particularly the NVRA and HAVA.

**Answer**: Proposed Intervenors deny the allegation in Paragraph 9.

10. Both the NVRA and HAVA require States to maintain and preserve certain records and papers that fall within the scope of Section 301 of Title III of the CRA.

**Answer**: Paragraph 10 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenors incorporate their answers to Paragraphs 11–18, *infra*.

## The National Voter Registration Act

11. The NVRA requires each state to "designate a State officer or employee as the chief State election official to be responsible for coordination of State responsibilities" under the NVRA. 52 U.S.C. § 20509. Defendant Raffensperger is the chief election official of the State of Georgia.

**Answer**: Paragraph 11 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the statute cited contains the quoted text and that Secretary Raffensperger is the chief election official of the State of Georgia. The statute otherwise speaks for itself.

12. The NVRA requires States to "conduct a general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of eligible voters by reason of" the death of the registrant, or "a change in the residence of the registrant, in accordance with subsections (b), (c), and (d)[.]" 52 U.S.C. § 20507(a)(4).

**Answer**: Paragraph 12 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the statute cited contains the quoted text. The statute otherwise speaks for itself.

13. The NVRA also requires States to maintain, with exceptions not relevant here, "all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters…." 52 U.S.C. § 20507(i)(1).

**Answer**: Paragraph 13 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the statute cited contains the quoted text. The statute otherwise speaks for itself.

## The Help America Vote Act

14. HAVA requires all States to maintain and administer "a single, uniform, official, centralized, interactive computerized statewide voter registration list" that contains "the name and registration information of every legally registered voter in the State and assigns a unique identifier to each legally registered voter in the State." 52 U.S.C. § 21083(a)(1)(A).

**Answer**: Paragraph 14 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the statute cited contains the quoted text. The statute otherwise speaks for itself.

15. HAVA further establishes "[m]inimum standard[s] for accuracy of State voter registration records," 52 U.S.C. § 21083(a)(4), and prohibits States from processing voter-registration applications without obtaining and verifying certain identifying information from the applicants, namely, a Driver's License number for those who possess a valid one, the last four digits of a social security number for those who do not possess a valid Drivers' license, and for those who have neither a unique identifier. 52 U.S.C. § 21083(a)(5)(A).

**Answer**: Paragraph 15 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the statute cited contains the quoted text. The statute otherwise speaks for itself.

## The Civil Rights Act

16. Congress empowered the Attorney General to request records pursuant to Title III of the CRA, codified at 52 U.S.C. § 20701, *et seq*.

**Answer**: Paragraph 16 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the CRA grants the Attorney General certain authority to request some records.

17. Section 301 of the CRA requires state and local officials to retain and preserve records related to voter registration and other acts requisite to voting for any federal office for a period of twenty-two months after any federal general, special or primary election. *See* 52 U.S.C. § 20701, *et seq*.

**Answer**: Paragraph 17 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the statute cited requires election officials to preserve certain records for a period of twenty-two months. The statute otherwise speaks for itself.

18. Section 303 of the CRA provides, in pertinent part, "[a]ny record or paper required by Section 20701 of this title to be retained and preserved shall, upon demand in writing by the Attorney General or [her] representative directed to the person having custody, possession, or control of such record or paper, be made available for inspection, reproduction, and copying at the principal office of such custodian by the Attorney General or [her] representative…." 52 U.S.C. § 20703

**Answer**: Paragraph 18 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed

Intervenors admit that the statute cited contains the quoted text. The statute otherwise speaks for itself.

## FACTUAL ALLEGATIONS

19. On July 9, 2025, the Attorney General contacted Secretary Raffensperger seeking information regarding Georgia's compliance with federal election law. *See* Letter from Attorney General to Secretary Raffensperger ("July 9 Contact").

**Answer**: Proposed Intervenors lack sufficient information to admit or deny the allegation in Paragraph 19. To the extent a response is required, Proposed Intervenors deny the allegations.

20. On August 7, 2025, the Attorney General sent a letter renewing the July 9 request and requested a copy of Georgia's statewide voter registration list ("VRL") within fourteen days of the date of the letter (the "August 7 Letter"). The August 7 Letter also requested that Georgia provide a current electronic copy of its computerized statewide voter registration list, containing "all fields" ("SVRL"), required under Section 303 of HAVA.

**Answer**: Proposed Intervenors admit Plaintiff sent a letter on August 7, 2025, and that the letter contains the quoted text. That letter speaks for itself. Proposed Intervenors otherwise deny the allegations.

21. The Attorney General's August 7 Letter asked Secretary Raffensperger to produce the requested information and records by encrypted email or via the Department's secure file-sharing system, Justice Enterprise File Sharing (JEFS).

**Answer**: Proposed Intervenors admit the allegations in Paragraph 21.

22. On August 14, 2025, the Attorney General sent another letter clarifying the request in the August 7 Letter. The August 14 Letter specified that:

> "Given responses from other states thus far, we want to clarify that the Justice Department's request to provide an electronic copy of the statewide VRL should

8

> contain all fields, which means, your state's VRL must include the registrant's full name, date of birth, residential address, his or her state driver's license number or the last four digits of the registrant's social security number as required under the Help America Vote Act ("HAVA") to register individuals for federal elections. See 52 U.S.C. § 21083(a)(5)(A)(i)."

See August 14 Letter.

**Answer**: Proposed Intervenors admit the Attorney General sent a letter and that the letter contains the quoted text. That letter speaks for itself. Proposed Intervenors otherwise deny the allegations.

23. The August 14 Letter explained to Secretary Raffensperger that "HAVA specifies that the 'last 4 digits of a social security number . . . shall not be considered to be a social security number for purposes of section 7 of the Privacy Act of 1974.'" 5 U.S.C. § 552a note; 52 U.S.C. § 21083(c). In addition, any prohibition of disclosure of a motor vehicle record contained in the Driver's License Protection Act, codified at 18 U.S.C. § 2721(b)(1), is exempted when the disclosure is for use by a government agency in carrying out the government agency's function to accomplish its enforcement authority as the Department is now doing.

**Answer**: Proposed Intervenors admit that August 14 letter contains the quoted text. That letter speaks for itself. Proposed Intervenors otherwise deny the allegations.

24. Finally, after numerous attempts to contact Secretary Raffensperger, in response, on December 8, 2025, Secretary Raffensperger sent a letter refusing to provide Georgia's SVRL stating:

> "Georgia law prohibits the disclosure of voters' full date of birth, social security number, and driver's license number. O.C.G.A. § 21-2-225(b). Accordingly, in compliance with state law, and in consultation with the Georgia Attorney General's office, the voter list provided excludes 'sensitive information that implicates special privacy concerns.' *Project Vote, Inc. v. Kemp*, 208 F. Supp. 3d 1320, 1344 (N.D. Ga. 2016)."

December 8 Letter.

9

**Answer**: Proposed Intervenors admit that Secretary Raffensperger responded by letter to Plaintiff's requests on December 8, 2025, and that his response contains the quoted text. That letter speaks for itself. Proposed Intervenors deny that Secretary Raffensperger refused to provide Georgia's SVRL.

25.     The December 8 Letter provided some responses but only redacted voter registration information in violation of federal law.

**Answer**: Proposed Intervenors admit the December 8 letter provided "some responses" and offered Plaintiff redacted voter registration information. That letter speaks for itself. Proposed Intervenors otherwise deny the allegations.

## COUNT ONE

26.     On August 14, 2025, the Attorney General sent a written demand to Secretary Raffensperger for the production of specific election records pursuant to 52 U.S.C. § 20703.

**Answer**: Paragraph 26 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that a document which Plaintiff purports was a demand for election records was sent to Secretary Raffensperger on August 14, 2025. Proposed Intervenors otherwise deny the allegations.

27.     The written demand "contain[ed] a statement of the basis and the purpose therefor." 52 U.S.C. § 20703.

**Answer**: Paragraph 27 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegation.

28. On December 8, 2025, Secretary Raffensperger refused to provide the records requested.

**Answer**: Paragraph 28 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that Secretary Raffensperger declined to provide some of the records requested by Plaintiff.

Immediately following Paragraph 28, the Complaint contains a request for relief, including sub-paragraphs (A)–(B), demanding equitable and declaratory relief. Proposed Intervenors deny that Plaintiff is entitled to any relief in this action.

## GENERAL DENIAL

Proposed Intervenors deny every allegation in Plaintiff's Complaint that is not expressly admitted herein.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted.
2. Plaintiff's claims are barred in whole or in part by equity, including on the basis of laches and unclean hands.
3. Plaintiff has failed to establish entitlement to injunctive relief.
4. The relief sought by Plaintiff is inconsistent with the U.S. Constitution and federal law.
5. Plaintiff lacks authority to bring a cause of action.
6. This Court lacks jurisdiction over Plaintiff's claim.
7. This Court is the improper venue for Plaintiff's claim.

## PROPOSED INTERVENORS' PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's Complaint, Proposed Intervenors pray for judgment as follows:

A. That the Court dismiss the Complaint;

B. That judgment be entered in favor of Proposed Intervenors and against Plaintiff on Plaintiff's Complaint and that Plaintiff takes nothing thereby;

C. That Proposed Intervenors be awarded reasonable attorneys' fees and costs under any applicable statute or equitable doctrine; and

D. For such other and further relief as the Court deems appropriate.

Dated: December 19, 2025

*/s/ Adam M. Sparks*
Adam M. Sparks
Ga. Bar. No. 341578
**KREVOLIN & HORST, LLC**
1201 W. Peachtree St., NW
Suite 3500, One Atlantic Center
Atlanta, GA 30309
Tel: (404) 888-9700
Fax: (404) 888-9577
Email: sparks@khlawfirm.com

Uzoma N. Nkwonta*
Branden D. Lewiston*
Marcos Mocine-McQueen*
**ELIAS LAW GROUP LLP**
250 Massachusetts Avenue NW, Suite 400
Washington, D.C. 20001
unkwonta@elias.law
blewiston@elias.law
mmcqueen@elias.law
Tel: (202) 968-4652

*Counsel for Black Voters Matter Fund,
CWA Local 3204, and
CWA Local 3204 Retired Members Council*
*Pro Hac Vice applications forthcoming

12