# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, : | |
| : | |
|     Plaintiff, : | |
| : | CIVIL ACTION |
| v. : | No. 5:25-cv-00548-CAR |
| : | |
| BRAD RAFFENSPERGER, in his : | |
| Official Capacity as Secretary of State : | |
| for the State of Georgia, : | |
| : | |
|     Defendant. : | |
|                                                     : | |

## ORDER TO SHOW CAUSE

In reviewing the Complaint, this Court has concerns whether it has subject matter jurisdiction over this case. District courts are courts of limited jurisdiction and may not hear a case where the court lacks jurisdiction over the subject matter of the dispute.[1] This Court must "inquire into subject matter jurisdiction *sua sponte* whenever it [appears jurisdiction] may be lacking[.]"[2] A "district court can hear a case only if it has at least one of three types of subject matter jurisdiction: (1) jurisdiction under specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)."[3] Thus, "[s]ubject matter jurisdiction is conferred and

---

[1] *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974-75 (11th Cir. 2005); *see also* Fed.R.Civ.P. 12(b)(1).
[2] *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999); *see also Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000).
[3] *Thermoset Corp. v. Bldg. Materials Corp of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017).

1

defined by statute."[4] Further, "[i]t is well-established that a statute with a specific grant or limitation of jurisdiction takes precedence over a statute with a general grant or limitation of jurisdiction."[5] A district court must presume a case falls "outside this limited jurisdiction[.]"[6] A district court must dismiss an action *sua sponte* if it "determines at any time that it lacks subject-matter jurisdiction."[7] The party bringing the claim bears the burden of establishing subject matter jurisdiction.[8]

On August 14, 2025, the Office of the Attorney General of the United States sent a written demand under 52 U.S.C. § 20703 to Defendant Brad Raffensperger, the Secretary of State for the State of Georgia, requesting Defendant email an electronic copy of Georgia's complete and current statewide voter registration list, "contain[ing] *all fields*, . . . includ[ing] either the registrant's full name, date of birth, residential address, his or her state driver's license number, or the last four digits of the registrant's social security number[,]" to the Department of Justice.[9] The Attorney General mailed this written demand to "The Honorable Brad Raffensperger, Secretary of State, 214 State Capitol,

---

[4] *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000).
[5] *Sharadanant v. U.S. Citizenship & Immigr. Servs.*, 543 F. Supp. 2d 1071, 1073–74 (D.N.D. 2008) (citing *Pulido v. Bennett*, 848 F.2d 880, 886 (8th Cir.1988)); *see also Vinieratos v. U.S., Dep't of Air Force Through Aldridge*, 939 F.2d 762, 774 (9th Cir. 1991) ("A general statute cannot confer jurisdiction when a more specific statute explicitly denies it.") (citing *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)); *see also* In re *Prescription Home Health Care, Inc.*, 316 F.3d 542, 548 (5th Cir. 2002) ("[I]t is well established that a more specific statute controls over a more general one.").
[6] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).
[7] Fed. R. Civ. P. 12(h)(3); *see also Barnett v. Bailey*, 956 F.2d 1036, 1039 (11th Cir. 1992) ("[A] court *sua sponte* can raise a jurisdictional defect at any time, leading to dismissal of the relevant action.").
[8] *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005).
[9] Mot. Order Compel Records, Ex. 2, Doc. 2-2 at 6-8.

Atlanta, GA 30334" and "Blake Evans, Director, Elections Division, Floyd West Tower, 2 MLK Jr. Dr. S.E., Suite 802, Atlanta, GA 30334."[10] On December 8, 2025, General Counsel for the Georgia Secretary of State's Office notified the Attorney General that Georgia law prohibits Defendant from complying with the written demand.[11]

On December 18, 2025, the Attorney General filed this action under 52 U.S.C. § 20703, requesting this Court to: (1) "[d]eclare that Defendant's refusal to provide the election records upon a demand by the Attorney General violates Title III of the Civil Rights Act as required by 52 U.S.C. § 20703[;]" and (2) "[o]rder Secretary Raffensperger to provide to the Attorney General the current electronic copy of Georgia's computerized statewide voter registration list, with all fields, . . . within 5 days of a Court order."[12] Plaintiff asserts a single claim – "Violation of the Civil Rights Act of 1960, 52 U.S.C. § 20703" – against Defendant.[13] Contemporaneously with the Complaint, Plaintiff filed its "Motion for Order to Compel Records Demanded Pursuant to The Civil Rights Act of 1960" under 52 U.S.C. §§ 20701, 20703, 20705 to which Plaintiff attached the parties' prior correspondence, including the written demand dated August 14, 2025.[14]

---

[10] *Id.*
[11] Mot. Order Compel Records, Ex. 3, Doc. 2-2 at 10-14.
[12] Compl., Doc. 1 at 9.
[13] *Id.* at 8-9.
[14] Mot. Order Compel Records, Doc. 2.

In the Complaint, Plaintiff alleges this Court has jurisdiction over this action under the following statutes: (a) 28 U.S.C. § 1331; (b) 28 U.S.C. § 1345; (c) 28 U.S.C. § 2201(a); and (d) 52 U.S.C. § 20705.[15] 28 U.S.C. §§ 1331, 1345, 2201(a) are general grants of jurisdiction whereas 52 U.S.C. § 20705 is a specific grant of jurisdiction. Because "a statute with a specific grant or limitation of jurisdiction takes precedence over a statute with a general grant or limitation of jurisdiction[,]"[16] it appears this Court will have subject matter jurisdiction over this action brought under 52 U.S.C. § 20703 only if the specific statutory grant of 52 U.S.C. § 20705 is satisfied.

Entitled "Demand for records or papers by Attorney General or representative; statement of basis and purpose[,]" 52 U.S.C. § 20703 provides as follows:

> Any record or paper required by [52 U.S.C. § 20701] to be retained and preserved shall, upon demand in writing by the Attorney General or his representative directed to the person having custody, possession, or control of such record or paper, be made available for inspection, reproduction, and copying at the principal office of such custodian by the Attorney General or his representative. This demand shall contain a statement of the basis and the purpose therefor.[17]

---

[15] Compl., Doc. 1 ¶ 5.
[16] *Sharadanant*, 543 F. Supp. 2d at 1073–74.
[17] 52 U.S.C. § 20703.

4

Entitled "Jurisdiction to compel production of records or papers[,]" 52 U.S.C. § 20705 provides as follows: "The United States district court for the district in which a demand is made pursuant to [52 U.S.C. § 20703], or in which a record or paper so demanded is located, shall have jurisdiction by appropriate process to compel the production of such record or paper."[18]

A plain reading of § 20705 together with §§ 20701, 20703 suggests a district court has jurisdiction over a § 20703 proceeding only if: (1) the Attorney General sent a written demand to an officer of election or custodian (of papers or records required to be retained and preserved under 52 U.S.C. § 20701) located in the court's judicial district; or (2) a paper or record (requested for inspection, reproduction, and copying at the principal office of that officer of election or custodian in that written demand) is located in the court's judicial district.

Here, it appears only the Northern District of Georgia would have subject matter jurisdiction over this action under § 20705. First, the record shows the Attorney General's written demand was mailed to Defendant Brad Raffensperger, Secretary of State, and Blake Evans, Director of the Elections Division of the Secretary of State's Office, at their

---

[18] 52 U.S.C. § 20705. 52 U.S.C. § 20705 has been held to vest exclusive jurisdiction in the federal district courts for the settlement of disputes arising under 52 U.S.C. § 20703. See *State of Ala. ex rel. Gallion v. Rogers*, 187 F. Supp. 848, 852 (M.D. Ala. 1960), *aff'd sub nom. Dinkens v. Att'y Gen. of U.S.*, 285 F.2d 430 (5th Cir. 1961), *cert. denied* 366 U.S. 913.

principal offices which are located in the Northern District of Georgia.[19] Second, this Court takes judicial notice that the Elections Division of the Secretary of State's Office "maintains the Statewide Voter Registration Database to ensure that voter registration lists are current statewide" and that the Election Division's principal office is located at "2 MLK Jr. Drive, Suite 802 Floyd West Tower, Atlanta, Georgia 30334[,]" in the Northern District of Georgia.[20] It also appears that the current electronic copy of the computerized statewide voter registration list demanded by the Attorney General will need to be generated in a file format capable of being transmitted by email and that this administrative task of producing a copy of electronic records will be performed by the Elections Division in the Northern District of Georgia.[21] As a result, it appears that the demanded record of the current electronic copy of the computerized statewide voter registration list will also be located in the Northern District of Georgia. Thus, this Court is concerned that the specific statutory grant of 52 U.S.C. § 20705 is not satisfied here.

Accordingly, Plaintiff is **hereby ordered to SHOW CAUSE** in writing how this Court has subject matter jurisdiction over this action by January 13, 2025. Defendant must

---

[19] Mot. Order Compel Records, Ex. 2, Doc. 2-2 at 6-8.
[20] Georgia Secretary of State, *About the Elections Division*, https://sos.ga.gov/page/about-elections-division (last visited Dec. 22, 2025).
[21] Georgia Secretary of State, *Order Voter Registration Lists and Files*, https://sos.ga.gov/page/order-voter-registration-lists-and-files (last visited Dec. 22, 2025).

respond by January 26, 2025. This Court will hold a hearing on this matter on January 29, 2025, at 11:00 a.m.

The Clerk of Court is **DIRECTED** to serve Defendant with a copy of this Order and all filings of record in this case at the following address: 214 State Capitol, Atlanta, Georgia 30334.

**SO ORDERED,** this 22nd day of December, 2025.

s/ C. Ashley Royal_____
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT
