UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>BRAD RAFFENSPERGER, in his Official Capacity as Secretary of State for the State of Georgia,<br><br>Defendant. | Case No. 5:25-CV-548<br><br>**RESPONSE TO ORDER TO SHOW CAUSE** |

## <u>RESPONSE TO ORDER TO SHOW CAUSE</u>

Plaintiff United States of America, by and through its counsel of record, hereby submits the following in response to the Court's Order to Show Cause:

## I.    INTRODUCTION

The Georgia Secretary of State ("Defendant") registers voters, tracks annual corporate filings, grants professional licenses, and oversees the State's securities' market.  The Defendant has two office locations, one in Atlanta and one in Macon.[1] The Defendant's official webpage displays the Macon location as well as the Atlanta location, indicating that it conducts business at both offices, including election

---

[1] https://georgia.gov/organization/georgia-secretary-state

1

matters.  The election records sought by the United States are presumably accessible at both the Atlanta and Macon offices.  The Defendant provides online access to certain election data, which can be accessed from anywhere across the nation and are likely accessible or located at the Macon and Atlanta offices.[2]

The governing statute, 52 U.S.C. § 20705, grants jurisdiction to the District Court where a demand is made pursuant to 52 U.S.C. § 20703 *or* to the District Court "in which a record or paper so demanded is located."  On December 18, 2025, the Attorney General filed this action pursuant to 52 U.S.C. § 20703, asking the Court to declare that Defendant's refusal to provide the election records upon a demand by the Attorney General violates Title III of the Civil Rights Act of 1960 and to order Defendant to provide to the Attorney General the current electronic copy of Georgia's computerized statewide voter registration list, with all fields.  The United States submits that this Court has subject matter jurisdiction over this action pursuant to 52 U.S.C. § 20705.

## II.    ARGUMENT

**A.    The District Court for the Middle District of Georgia has Subject Matter Jurisdiction to Compel the Defendant to Produce the Demanded Records as Records are located and accessible at the Macon office.**

Section 20705 grants jurisdiction to the District Court where a demand is made pursuant to 52 U.S.C. § 20703 *or* to the District Court "in which a record or

---

[2] https://sos.ga.gov/election-data-hub

2

*United States v. Raffensperger*
Response to Order to Show Cause

paper so demanded is located." 52 U.S.C. § 20705. In this case, the subject records are capable of being accessed electronically in the Defendant's Macon office within the Middle District of Georgia.

O.C.G.A. Title 10, Chapter 12 provides the ways in which records in Georgia are to be stored electronically. Under state law, a "record" is defined as "information that is inscribed on a tangible medium or that is stored in an electronic or other medium and is retrievable in perceivable form," and an electronic record is a "record created, generated, sent, communicated, received, or stored by electronic means." O.C.G.A. § 10-12-2. These definitions apply to "any electronic record or electronic signature created, generated, sent, communicated, received, or stored after July 1, 2009." O.C.G.A. §10-12-4. Thus, the unredacted statewide voter list maintained by the Defendant and demanded by the Attorney General is a "record" squarely within the ambit of O.C.G.A. Title 10, Chapter 12.

Georgia law further specifies that "if a law requires that a record be retained, such requirement shall be satisfied by retaining an electronic record of the information in the record which: **(1)** accurately reflects the information set forth in the record after it was first generated in its final form as an electronic record or otherwise; and **(2)** remains accessible for the retention period required by law." O.C.G.A. § 10-12-2. Therefore, under Georgia law, a record is retained where it can be accessed. The unredacted state voter list accessible via electronic means in the

Defendant's Macon office is stored in Macon for purposes of Georgia law and is therefore located at the Macon office within the Middle District. As such, this Court has subject matter jurisdiction to order the Defendant to comply with the lawful demand of the Attorney General.

**B.    A Dismissal for a Finding of a Lack of Subject Matter Jurisdiction would be Improper.**

In the alternative, if the Court finds that it lacks jurisdiction to adjudicate the instant matter, 28 U.S.C. § 1631 provides a remedy other than dismissal. If the Court finds it is in the interest of justice, the Court "*shall*" transfer the case to the district in which the case could have been brought *viz.* the Northern District of Georgia. *Id.* This applies both to subject matter and personal jurisdiction. *See Franco v. Mabe Trucking Co.*, 3 F.4th 788, 794 (5th Cir. 2021); *see also Askan v. Faro Techs., Inc.,* 2024 U.S. App. LEXIS 21194 (11th Cir. 2024).

The dismissal of the instant case would merely result in the refiling of this action in a new district, resulting in unnecessary delay. As such, if the Court finds it lacks subject matter jurisdiction (or venue), the proper remedy is transfer of the action to the District Court for the Northern District of Georgia.

### III.    CONCLUSION

For all of the foregoing reasons, the United States respectfully requests that the Court find it has subject matter jurisdiction to order the Defendant to comply

4

with the demand of the Attorney General, or in the alternative, transfer the case to the Northern District of Georgia and provide such other and further relief as the Court deems just and proper.

DATED: January 13, 2026.          Respectfully submitted,

                                  HARMEET K. DHILLON
                                  Assistant Attorney General
                                  Civil Rights Division

                                  ERIC V. NEFF
                                  Acting Chief, Voting Section
                                  Civil Rights Division

                                  /s/ Christopher J. Gardner
                                  BRITTANY E. BENNETT
                                  Ga. Bar No. 717377
                                  CHRISTOPHER J. GARDNER
                                  Ga. Bar No. 163932
                                  Trial Attorneys, Voting Section
                                  Civil Rights Division
                                  U.S. Department of Justice
                                  4 Constitution Square
                                  150 M Street NE, Room 8.141
                                  Washington, D.C. 20002
                                  Telephone: (202) 812-2631
                                  Email: Brittany.Bennett@usdoj.gov
                                  Email: Christopher.Gardner@usdoj.gov

*United States v. Raffensperger*
Response to Order to Show Cause

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2026, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

*/s/Christopher J. Gardner*
BRITTANY E. BENNETT
Ga. Bar No. 717377
CHRISTOPHER J. GARDNER
Ga. Bar No. 163932
Trial Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
4 Constitution Square
150 M Street NE, Room 8.141
Washington, D.C. 20002
Telephone: (202) 812-2631
Email: Brittany.Bennett@usdoj.gov
Email: Christopher.Gardner@usdoj.gov

*United States v. Raffensperger*
Response to Order to Show Cause